[No. 859.   Decided May 26, 1893.]

J. F. WATT, *Respondent*, v. R. G. O'BRIEN, *Appellant*.

APPEAL—SETTLEMENT OF STATEMENT—DISQUALIFICATION OF JUDGE.

Where the judge of the superior court who tried a case has ceased to hold office, an appellant should give notice of the settlement of a statement of facts before the superior court of the county in which the case was tried, and if, when the matter comes on to be heard, it is ascertained that the judge of said court is disqualified from acting in the matter, it should be continued until a judge qualified to act is present. (ANDERS, J., dissents.)

*Appeal from Superior Court, Thurston County.*

*Phil. Skillman*, for appellant.
*Charles H. Ayer*, for respondent.

The opinion of the court was delivered by

HOYT, J.—It is clear that under the settled rulings of this court the certificate to the statement of facts contained in this record is such that the respondent is entitled to have it stricken therefrom, and this is admitted by the appellant. He seeks, however, to avoid the force of such rule by showing that the judge, who was the successor of the one who

tried the case was, by reason of his connection therewith, disqualified to make any order therein, and that for that reason he could not give his notice of the settlement of the statement of facts before the court, from which it should follow that the judge who tried the case must be allowed to settle such statement, notwithstanding the fact that before the date fixed for such settlement he had ceased to be such judge.

We are unable to see that such contingency could at all affect the rule heretofore announced by this court. The jurisdiction of the superior court for Thurston county could in no manner depend upon the fact of the disqualification of a particular judge.

It follows that in this case the notice should have been that the statement of facts would be settled before the superior court for Thurston county, and if, when the matter came on to be heard, it was ascertained that the judge of said court was disqualified from acting in the matter, it would have to be continued until a judge qualified to act was present.

The statement must be stricken, and this having been done, it follows, under a universal course of decisions by this court, that the case is not here for any purpose, and that the appeal must be dismissed.

DUNBAR, C. J., and SCOTT and STILES, JJ., concur.

ANDERS, J., dissents.